# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ENRIQUE AVINA**
**as Parent and Guardian of XXXX, a minor,**

        Plaintiff,

        -vs-                                       **Case No. 13-C-1433**

**TODD BOHLEN,**
**MIKE ROHDE,**
**EDWARD A. FLYNN,**
**CITY OF MILWAUKEE, and**
**DOES 1-100,**

        Defendants.

# DECISION AND ORDER

This action pursuant to 42 U.S.C. §§ 1983 and 1985(2) for alleged violations of the Fourth, Fifth and Fourteenth Amendments, arises out of an October 1, 2012, encounter between Milwaukee Police Department ("MPD") officers Todd Bohlen ("Bohlen") and Mike Rohde ("Rohde") and the minor son of Plaintiff Enrique Avina ("Avina").[1] This Decision and Order addresses the Defendants' motion to bifurcate and stay discovery (ECF No. 31) with respect to Avina's claims against the Defendant City of Milwaukee ("City") under *Monell v. Dept. of Soc. Serv.,* 436 U.S. 658 (1978), alleging that City customs,

---

[1] The Second Amended Complaint ("Complaint") also includes state common law claims of negligence based on the City's failure to implement the use of audio and/or video equipment, and assault and battery, false imprisonment, and malicious prosecution. (Compl. ¶¶ 31-33.) (ECF No. 24.)

policies, and practices caused the violations of the minor's constitutional rights, and Avina's request for leave to amend (ECF No. 41) his response to the bifurcation motion with a supplemental affidavit. The latter request is granted.

*Bifurcation and Stay*

The Defendants request the stay with respect to the *Monell* claim(s) until the completion of discovery relating to the liability of individual Defendants Bohlen, Rohde, and Edward A. Flynn ("Flynn") and the ruling on a dispositive motion that they intend to file. The Defendants assert they can save the time and costs that would be associated with the discovery on the *Monell* claim if they can establish that none of the individual Defendants violated the minor's constitutional rights. Avina contends bifurcation would cause needless delay and cost.

The Defendants rely on three reasons for bifurcating the discovery on the *Monell* claims: 1) the *Monell* claims will fail if the individual Defendants are not liable for violating the minor's constitutional rights, 2) there is little or no overlap of discovery for the individual claims and the *Monell* claims, and 3) the discovery requests for the *Monell* claims will be extremely broad and burdensome.

The Defendants rely on *City of Los Angeles v. Heller,* 475 U.S. 796, 799, (1986), which states that a municipality cannot be held liable for a

constitutional harm if its individual officers have not committed any constitutional violation. The Defendants also assert that the *Monell* claims could fail even if the individual Defendants acted improperly, if they are found to be protected by qualified immunity and, therefore, held not liable. The Defendants contend that if either occurs the *Monell* claims will never be reached.

To the contrary, a municipality *can* be held liable even if its individual officers are not liable or if the officers are granted an affirmative defense such as qualified immunity. *Thomas v. Cook Cnty. Sheriff's Dept.,* 604 F.3d 293, 304-05 (7th Cir. 2010). *Thomas* states that a rule requiring individual officer liability before a municipality can ever be held liable for damages under *Monell* is an unreasonable extension of *Heller. Id.* at 305. Even if the individual officers are granted qualified immunity, a municipality may be liable if its customs, policies, or practices may have caused a violation of a plaintiff's constitutional rights. *Id.* at 304-05.

As this Court has previously stated, the rule in *Thomas* is narrower than the rule the Defendants adopt from *Heller. Ott v. City of Milwaukee*, 09-C-870, 2010 WL 5095305, at *2 (E.D. Wis. Dec. 8, 2010). *Thomas* states, "a municipality can be held liable under *Monell,* even when its officers are not, unless such a finding would create an inconsistent verdict." *Thomas,* 604 F.3d at 305. To determine whether the City could be liable in this case, even if the

individual Defendants are not, the Court must consider the nature of the constitutional violation, the theory of municipal liability, and the defenses set forth. *Id*.

The Complaint alleges: (1) that the minor's constitutional rights to equal protection, to be free from unreasonable seizures and excessive force were violated by Bohlen and Rohde who unlawfully used race as a factor for reasonable suspicion, arrest without probable cause, and excessive force causing the minor's arm to break and multiple bruises; (2) that when Bohlen and Rohde took the minor to the hospital they allegedly misrepresented how he broke his arm "potentially causing a delay in his treatment or a misdiagnosis"; (3) that the Defendants caused criminal municipal charges to be filed against the minor knowing that the charges were baseless and that the Defendants were acting within the custom, policy or practice of the City at that time; (4) that it is MPD policy to treat Hispanics in a cruel manner regardless of the circumstances; (5) that the City did not have guidelines, or lacked adequate guidelines, to prevent officers from using excessive force; (6) that Flynn endorsed the MPD's uncontrolled use of force, even when no crime had been committed; (7) that the City failed to train or control the use of force; and (8) that the City, Flynn, and the MPD negligently retained the individual Defendants despite their inappropriate use of force on prior occasions, the fact that they had been given instructions to treat Hispanics poorly, Flynn's

failure to provide adequate training, and other conduct unbecoming a police officer. (*Id.* at ¶¶ 14, 21, 26-29.)

Under *Thomas* it is plausible that Bohlen and Rohde may not be liable, but the City could be if its customs and policies were the cause of the minor's constitutional rights being violated. Thus, neither the potential scope of the *Monell* discovery nor the minimal overlap of discovery justify a stay and bifurcation of discovery. Therefore, the Defendants' motion for bifurcation and a stay is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Defendants' motion for bifurcation and a stay (ECF No. 31) is **DENIED**; and,

Avina's motion to supplement his response to the motion to bifurcate (ECF No. 41) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2014.

                                      **BY THE COURT:**

                                      */s/ Rudolph T. Randa*
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**