# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 17-1902

ENRIQUE AVINA, as parent and
guardian of XXXX, a minor,

*Plaintiff-Appellant*,

*v.*

TODD BOHLEN, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:13-cv-01433-JPS — **J. P. Stadtmueller**, *Judge*.

ARGUED DECEMBER 1, 2017 — DECIDED FEBRUARY 14, 2018

Before BAUER, FLAUM, and ROVNER, *Circuit Judges*.

BAUER, *Circuit Judge*. On October 1, 2012, officers Todd Bohlen and Mike Rohde of the Milwaukee Police Department arrested Enrique Avina for trespassing. As Bohlen was maneuvering Avina's arms behind his back to place him in handcuffs, Avina's right arm broke. Avina filed this suit

against Bohlen, Rohde, and the City of Milwaukee (collectively, "Appellees"), alleging constitutional violations, as well as state-law assault and battery claims. Appellees moved for summary judgment, arguing that, despite Avina's broken arm, the officers' actions were objectively reasonable. The district court ruled in favor of Appellees on all counts, and Avina timely appealed.

## I. BACKGROUND

### A. Avina's Third Amended Complaint

Before we set forth the relevant factual background, we must briefly address the awkward procedural posture of this case; specifically, the treatment of Avina's third amended complaint in relation to Appellees' motion for summary judgment. Appellees filed their motion on January 30, 2017, and Avina filed his response on March 20, 2017. The same day, however, he also filed, with Appellees' consent, a motion for leave to file a third amended complaint. The amended complaint eliminated certain claims and defendants, including claims for false arrest, false imprisonment, malicious prosecution, and a *Monell* claim for negligent failure to train officers. The claims that remained were an excessive force claim against Bohlen and Rohde, a state-law assault and battery claim against Bohlen and Rohde, and a *Monell* claim against the City for negligent retention of Bohlen.

In its order granting Appellees' motion for summary judgment, the district court also granted Avina's motion for leave to file the third amended complaint. It found, however, that the amended complaint did not change the substance of Avina's remaining claims, and therefore, did not require any

further briefing or a response from Appellees. Instead, the court stated that the third amended complaint was "still properly the subject of the present motion for summary judgment," and it ruled only on the claims remaining in the amended complaint. Avina now contends that the court erred by failing to require Appellees to respond to the third amended complaint before ruling on summary judgment.

We disagree. Avina's third amended complaint did not change any of the operative facts that allowed the court to rule on Appellees' motion. It simply reduced the number of claims and altered the presentation of some facts; Avina's theory for Appellees' liability under the remaining claims did not change. Although the third amended complaint included some facts that were not present in the previous complaint, none of them, nor any potential response to them from Appellees, would have had any impact on the substantive analysis of Avina's claims. Therefore, there was no error in the court's treatment of the motion for summary judgment vis-á-vis the third amended complaint.

### B. Factual Background

The following facts are those established by the record on summary judgment, as viewed in the light most favorable to

Avina.[1] *See Lauth v. Covance, Inc.*, 863 F.3d 708, 710 (7th Cir. 2017).

On October 1, 2012, Bohlen and Rohde were assigned to monitor the area around South Division High School in Milwaukee, Wisconsin. They arrived before the end of the school day and parked on the street in front of the school's main entrance. When they arrived, they saw Avina standing near the entrance with a group of approximately eight to ten others, including individuals the officers knew to be members of the Mexican Posse street gang.

The group had been standing outside the school's entrance for approximately 15 to 20 minutes when the assistant principal, Mr. Shapiro, approached them and told them to leave school property. The group obeyed and walked across the street. By this time, school had been dismissed and the road was congested with cars and pedestrians. After they walked across the street, the group began to harass pedestrians by yelling at them and flashing gang signs.

---

[1] In his response to the motion for summary judgment, Avina failed to include a response to Appellees' statement of facts. He attached to his brief thousands of pages of exhibits, but did not provide adequate citations to those exhibits when he referenced them throughout his brief. As a result of Avina's failure to follow the requisite summary judgment procedures, the district court deemed as undisputed Appellees' entire statement of facts, citing as support numerous decisions requiring strict compliance with the rules. *See, e.g., Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817–18 (7th Cir. 2004). Avina does not challenge that decision on appeal, and in fact, concedes that he did not comply with the applicable rules. Therefore, we will recount the facts as set forth in Appellees' motion, while still viewing them in the light most favorable to Avina.

No. 17-1902                                                         5

Shapiro then approached Bohlen and Rohde, and informed them that the group should not be on school property, and that some of the group had previously been involved in gang-related fights at the school. Shapiro specifically identified Avina, who was enrolled as a student at the school. Shapiro told Bohlen and Rohde that Avina had only attended one hour of school all year, and therefore, did not belong on school property.

Bohlen described the group's harassment of pedestrians as creating chaos. Based on Shapiro's statements, and their own recognition of the gang members present, Bohlen and Rohde were concerned that their activity could escalate into violence. They approached the group, told them they could not be on school property, and instructed them to leave the area.

The group moved one block down the street and stood in front of a house that belonged to Avina's cousin. Though now slightly farther from school grounds, the group continued to harass pedestrians. After approximately 15 more minutes, Bohlen and Rohde approached them again and told them if they did not disperse, they would be arrested. In response, most of the group either entered the house or left the area.

Avina, however, rode his bike back across the street toward the school. He began talking to another individual, whom he allowed to ride on the back of his bike down the sidewalk and onto the school's front lawn. Avina dropped the individual there, and then started riding his bike across the street again.

At that time, Bohlen and Rohde, who had seen him ride back onto the school's lawn, stopped Avina in the grass-covered median of the street. Because they had given Avina

two previous warnings to leave the area and to stay off school property, they decided to arrest him for trespassing. They could have given him a simple citation, but believed that if they did, he would continue to loiter, based on his actions to that point.

Bohlen and Rohde instructed Avina to get off his bike and put his hands behind his back, which he did. They decided to move Avina to their squad car, where it would be safer to handcuff him. Bohlen took hold of his right arm, Rohde took hold of his left, and they escorted him to the front of their squad car. Once there, they leaned Avina's lower body up against the hood, but he remained standing upright. Rohde then let go of Avina's arm and allowed Bohlen to take control.

Bohlen grabbed Avina's right wrist with his right hand, and placed his left hand on Avina's upper right arm. Bohlen then moved Avina's right hand "halfway or like a little bit past" halfway up Avina's back. That movement caused Avina's upper arm to break.[2] Avina immediately told Bohlen he was in pain, and Bohlen let go and allowed him to sit on the curb. Bohlen then called for medical attention and notified his supervisor.

Avina originally filed this suit in Wisconsin Circuit Court, and Appellees removed it to federal court, pursuant to 28

---

[2] In their motion's proposed findings of fact, Appellees note that the officers' account of the cause of the injury differs from Avina's. The officers testified that Avina lunged off the curb as Bohlen was attempting to handcuff him. However, Defendants also included Avina's account in their motion, and therefore, we must accept it for purposes of summary judgment.

No. 17-1902 7

U.S.C. § 1441(a) and (c). After Avina filed the third amended complaint, the claims that remained were an excessive force claim against Bohlen and Rohde, pursuant to 42 U.S.C. § 1983; a state-law claim for assault and battery against Bohlen and Rohde; and a *Monell* claim against the City for negligent retention of Bohlen.

The district court granted Appellees' motion for summary judgment as to all counts on March 31, 2017. The court noted that it was undisputed that Rohde did not make any contact with Avina that caused an injury. As a result, the court held that Rohde was entitled to judgment on all claims against him.

As to Bohlen, the court found that the action of raising Avina's arm up his back was "entirely ordinary and expected during the course of an arrest." Therefore, the court held that a jury could not find Bohlen's behavior unreasonable, despite Avina's "unusual" injury. Finally, the court held that because there was no underlying constitutional violation, the *Monell* claim for negligent retention could not survive. Avina timely appealed.

## II. DISCUSSION

We review a district court's ruling on summary judgment *de novo*. *Lauth*, 863 F.3d at 714. Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute to a material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation marks and citation omitted).

A claim that a law enforcement officer used excessive force when effectuating an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010). "Whether a police officer used excessive force is analyzed from the perspective of a reasonable officer under the circumstances, rather than examining the officer's actions in hindsight." *Dawson*, 803 F.3d at 833. The reasonableness of an officer's actions must be determined by examining the "specific circumstances of the arrest, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Cyrus*, 624 F.3d at 861–62 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Under Wisconsin law, an assault and battery claim against a police officer is analyzed using a similar reasonableness standard. *See Wirsing v. Krzeminski*, 213 N.W.2d 37, 41 (Wis. 1973) ("[A] police officer in the exercise of his duties is privileged to use whatever force is reasonably necessary, and only if more force than is reasonably necessary is used does it constitute an assault and battery.").

Appellees have conceded, both on summary judgment and again on appeal, that there is a dispute as to exactly how Avina's injury occurred. Their argument, however, is that even if we accept Avina's account as true, as we must on summary judgment, Bohlen's actions were still objectively reasonable.

We disagree. Viewed in the light most favorable to Avina, the record establishes that he was fully cooperative when

No. 17-1902 9

Bohlen moved his arm up his back with enough force to break it. Those facts simply do not support the conclusion that Bohlen was placing Avina in handcuffs with objectively reasonable force.

It is true, as Appellees and the district court point out, that this case is not the same as those in which an officer's conduct obviously has the potential to cause serious injury. *See, e.g., Phillips v. Comm. Ins. Corp.*, 678 F.3d 513, 524–25 (7th Cir. 2012) (shooting noncompliant suspect with bean-bag gun four times was unreasonable); *Morfin v. City of East Chicago*, 349 F.3d 989, 1005 (7th Cir. 2003) (force was unreasonable where officers grabbed suspect who was not resisting, twisted his arm, shoved him against the wall, and took him to the floor). Typically, the act of handcuffing someone, by itself, is not a dangerous endeavor. Police officers place cooperative suspects in handcuffs on a daily basis without causing even minor injuries.

However, it is precisely that premise that creates a problem for Bohlen on the facts before us. The regularity with which officers place individuals in handcuffs without incident raises at least an inference that this situation involved something more. We agree with the district court that raising a suspect's arm behind his back is "entirely ordinary and expected during the course of an arrest." It is not, however, ordinary and expected that such an action would result in a broken arm. It strains the imagination to envision a scenario in which an officer could place a cooperative suspect's hands behind his back and break his arm if the officer were using a reasonable amount of force.

According to Avina, he did not resist or attempt to flee, nor did he pose a threat to anyone's safety while Bohlen was arresting him for the minor crime of trespassing. With those facts as the background, the force required to break Avina's arm cannot be considered objectively reasonable as a matter of law, and a reasonable jury could return a verdict in Avina's favor. *See Dawson*, 803 F.3d at 833.

Appellees argue that Avina cannot survive summary judgment based solely on the severity of his injury, and on that limited point, we agree. In *Stainback v. Dixon*, we noted that "to survive summary judgment, a plaintiff must do more than point to his injury or its seriousness; he must also 'identify the *specific unreasonable conduct* that caused his or her injuries.'" 569 F.3d 767, 773 n.7 (7th Cir. 2009) (quoting *Abdullahi v. City of Madison*, 423 F.3d 763, 770–71 (7th Cir. 2005)). Here, however, Avina has identified Bohlen's specific unreasonable conduct—raising his arm behind his back with enough force to break the bone. The manner in which Bohlen must have maneuvered Avina's arm so as to break it is the specific unreasonable conduct that allows Avina to survive summary judgment.

The district court's conclusion that Bohlen's actions were objectively reasonable was the basis for its grant of summary judgment on the excessive force claim, as well as the state law assault and battery claim. Relatedly, because it found that there was no underlying constitutional violation, it held that the *Monell* claim could not survive, and did not conduct any further analysis of that claim's merits. *See Petty v. City of Chicago*, 754 F.3d 416, 424–25 (7th Cir. 2014) (noting that a constitutional injury is a requirement of a *Monell* claim).

No. 17-1902 11

Because we find that Bohlen's actions were not objectively reasonable as a matter of law, the district court's judgment on each of these counts must be reversed.

As to Rohde, however, we agree with the district court's conclusions. Based on the undisputed facts regarding Rohde's involvement in the incident, his conduct was objectively reasonable as a matter of law. It was undisputed that Rohde's only contact with Avina came as he guided Avina across the street holding one of his arms. Rohde released Avina before his arm was broken, and there is no allegation that Avina suffered any other injury as a result of Rohde's actions. Therefore, Rohde is entitled to judgment on both claims against him.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed in part and reversed in part, and the case is remanded for further proceedings.

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

## UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

### FINAL JUDGMENT

February 14, 2018

| Before: | WILLIAM J. BAUER, Circuit Judge |
| | JOEL M. FLAUM, Circuit Judge |
| | ILANA DIAMOND ROVNER, Circuit Judge |

| | ENRIQUE AVINA, as parents and guardian of XXXX, a minor, Plaintiff - Appellant |
|---|---|
| No. 17-1902 | v. |
| | TODD BOHLEN, et. al., Defendants - Appellees |
| **Originating Case Information:** | |
| District Court No: 2:13-cv-01433-JPS  Eastern District of Wisconsin  District Judge J. P. Stadtmueller | |

The judgment of the district court is **AFFIRMED** in part and **REVERSED** in part, and the case is **REMANDED** for further proceedings. The above is in accordance with the decision of this court entered on this date. Defendants-Appellees should bear the costs.

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

form name: c7_FinalJudgment(form ID: **132**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## BILL OF COSTS

March 8, 2018

Taxed in Favor of: **Appellant Enrique Avina**

| No. 17-1902 | ENRIQUE AVINA, as parents and guardian of XXXX, a minor, Plaintiff - Appellant<br><br>v.<br><br>TODD BOHLEN, et. al., Defendants - Appellees |
|---|---|
| **Originating Case Information:** | |
| District Court No: 2:13-cv-01433-JPS<br>Eastern District of Wisconsin<br>District Judge J. P. Stadtmueller | |

The mandate or agency closing letter issued in this cause on March 8, 2018.
BILL OF COSTS issued in the amount of: $763.75.

|   |   | Cost of Each Item | Total Cost Each Item |
|---|---|---|---|
| 1. | For docketing a case on appeal or review or docketing any other proceeding: | $505.00 | $505.00 |
| 2. | For reproduction of briefs and any copies of any materials where the copies are necessarily obtained for use in the case: | $258.75 | $258.75 |
|   | TOTAL: | | $763.75 |

form name: **c7_BillOfCosts**(form ID: **140**)

CERTIFIED COPY
A True Copy
Teste:
_[signature]_
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

March 8, 2018

To:     Stephen C. Dries
        UNITED STATES DISTRICT COURT
        Eastern District of Wisconsin
        Milwaukee , WI 53202-0000

| | |
|---|---|
| No. 17-1902 | ENRIQUE AVINA, as parents and guardian of XXXX, a minor, Plaintiff - Appellant<br><br>v.<br><br>TODD BOHLEN, et. al.,<br> Defendants - Appellees |
| **Originating Case Information:** | |
| District Court No: 2:13-cv-01433-JPS<br>Eastern District of Wisconsin<br>District Judge J. P. Stadtmueller | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

| | |
|---|---|
| AMOUNT OF BILL OF COSTS (do not include the $): | 763.75 |
| | |
| DATE OF MANDATE OR AGENCY CLOSING LETTER ISSUANCE: | 03/08/2018 |
| | |

RECORD ON APPEAL STATUS:　　　　No record to be returned

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**　　　　　　　　　　　　　　　　**Received by:**

03/08/18　　　　　　　　　　　　　　　　s/Jelena Vekic

_____　　　　_____

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

form name: **c7_Mandate**(form ID: **135**)