# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ENRIQUE AVINA, JR.,

                                    Case Number: 2:13-cv-01433-JPS

      Plaintiff,

      v.

TODD BOHLEN and
CITY OF MILWAUKEE,

       Defendants.

## JOINT PRETRIAL REPORT

COME NOW the parties, by and through undersigned counsel, and pursuant to the Trial Scheduling Order [DE 140] and Civil L.R. 16(c)(1), file their JOINT PRE-TRIAL REPORT and state as follows:

### SUMMARY OF FACTS, CLAIMS AND DEFENSES

### Summary and Allegations of the Plaintiff

Enrique Avina, Jr. sues City of Milwaukee Police Officer Bohlen for the use of excessive force against Plaintiff in violation of his rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and actions under the color of law in violation of his civil rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2).

Plaintiff's claim against the City of Milwaukee is for indemnification because Defendant Bohlen is a public officer or employee and is proceeded against as an individual because of acts committed while carrying out duties as an officer or employee. A judgment as to damages and costs entered

against the officer or employee shall be paid by the state or political subdivision of which the defendant is an officer or employee by virtue of Wis. Stat. § 895.46.

On or about the afternoon of October 1, 2012, Defendant Bohlen was working as a Milwaukee Police Department Officer at or in the area of South Division High School.

On or about October 1, 2012, Plaintiff Enrique Avina, Jr. was arrested and issued a citation for trespassing on school property, which was dismissed for insufficient evidence.

As Plaintiff crossed the street riding his bicycle over the median of a public street on Lapham Blvd., the Defendant Bohlen and Officer Rohde drove their Milwaukee Police Department vehicle at Plaintiff and forced Avina to stop on the median to arrest Plaintiff.

Plaintiff, following instructions of the Police Officers, immediately jumped off of his bike and put his arms behind his back. Defendant Bohlen and Officer Rohde forcefully and aggressively grabbed Plaintiff by each arm, which caused him pain. At no time did Plaintiff resist arrest or challenge the authority of the Police Officers. Plaintiff complained that the officers were being too rough with him.

Defendant Bohlen grabbed Plaintiff's arm, placed one hand on Plaintiff's upper back near his shoulder blade, forcefully pushed Plaintiff forward, and then with excessive force twisted Plaintiff's arm backwards and upwards while lifting Plaintiff's arm, which caused Plaintiff's arm to break. Following his screams in pain, Avina was seated on the curb and handcuffed with a broken arm resulting in additional pain and discomfort.

The force used by Officer Bohlen was excessive, violent and intentional. Officer Bohlen has a history of having received numerous citizen complaints about use of excessive force and has been accused of using excessive force in breaking the arms of other citizens.

Plaintiff claims that the facts surrounding the injury entitle him to punitive damages to be awarded by the jury. Plaintiff claims attorney fees and costs pursuant to 42 U.S.C. 1983 and 1988.

## Summary and Allegations of the Defendant

On October 1, 2012, Plaintiff was arrested for trespassing after he and several other individuals he was loitering with repeatedly refused lawful police orders to stop verbally harassing and intimidating students outside of South Division High School in Milwaukee, WI. During that arrest, Plaintiff's right upper arm was broken in a freak accident. Plaintiff's own testimony is that at the time of the injury, the Defendant Officers were doing nothing more than placing the Plaintiff's hands behind his back for handcuffing.

Defendant asserts that there was no excessive use of force, and that Plaintiff's injury was sustained without intent, malice, or negligence, on the part of Defendant, and that there is no valid claim against him.

## Statement of the Issues

1. Whether or not Officer Bohlen used excessive force while handcuffing the Plaintiff.

2. Whether or not the excessive force used by Officer Bohlen resulted in injury to the Plaintiff.

3. The amount of damages to be awarded to the Plaintiff and against the Defendant, Bohlen.

## Joint Stipulations Agreed to for Trial

The parties have hereby agreed and stipulate to the following concerning the Trial to be scheduled:

1. The authentication of all medical records, personnel records, and MPD records. (While authenticity is stipulated, admissibility is not. – Parties reserve and preserve motions to this issue.)

2. That Officer Bohlen was a Milwaukee police officer at the time of incident.

3. That Officer Bohlen was on assignment by the MPD.

4. That Officer Bohlen was working within the scope of employment.

5. That Enrique Avina, Jr. was a student at South Division High School.

6. That on October 1, 2012, Defendant Todd Bohlen was acting under the color of law, and was on assignment to South Division High School and acting under the authority of the Milwaukee Police Department as an employee police officer.

7. To the authenticity of medical records, Bohlen's personnel records, police report, use of force reports but not admissibility.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ENRIQUE AVINA, JR.,

                                  Case Number:  2:13-cv-01433-JPS

      Plaintiff,

      v.

TODD BOHLEN and
CITY OF MILWAUKEE,

      Defendants.

### JOINT EXHIBIT AND WITNESS LIST

| PRESIDING JUDGE<br>J.P. Stadtmueller | | | | | PLAINTIFF'S ATTORNEYS<br>Verona Swanigan, Esq.<br>Marwan E. Porter, Esq.<br>Jon A. Zepnick, Esq. | DEFENDANT'S ATTORNEYS<br>Patrick J. McClain, Esq.<br>Robin Pederson, Esq. |
|---|---|---|---|---|---|---|
| TRIAL DATE (S)<br>June 25, 2018 | | | | | COURT REPORTER | COURTROOM DEPUTY |
| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | **DESCRIPTION OF EXHIBITS* AND WITNESSES** | |
| **1** | **1030** | | | | Medical Records, Aurora Medical Center (Admission date: 10/01/2012)<br>***Joint subject to defense's motion to exclude hearsay statements from medical records*** *Confidential | |
| **2** | **1032** | | | | Expert Report prepare by Harvey S. Kohn, M.D., Orthopedic Surgeon<br>***Independent Medical File Review, dtd. August 18, 2016,***<br>and Curriculum Vitae *Confidential | |
| **3** | | | | | Maps of area surrounding South Division High School<br>(marked by Avina Jr., Bryan Matamoros, and Bueno at the time of Depositions)<br>***(Joint subject to Plaintiff's motion to exclude maps)*** | |
| **4** | | | | | Google Maps of area surrounding South Division High School<br>***(Joint subject to Plaintiff's motion to exclude maps)*** | |
| **5** | | | | **D OBJ** | Photos of the curb being measured by Kenya Conley | |
| **6** | | | | **D OBJ** | Complaints and Investigations against Officer Bohlen accusing him of Broken Arms during arrests *Confidential | |
| **7** | | | | **D OBJ** | MPD Complaints Against Officer Bohlen *(5485-6603)* *Confidential | |
| **8** | | | | **D OBJ** | MPD Complaints Against Officer Bohlen *(2248-2249; 2684-2687; 3140-3154; 7078)*<br>*Confidential | |

| | | | | |
|---|---|---|---|---|
| 9 | 1032, 1033 | | | Expert Report prepare by Harvey S. Kohn, M.D., Orthopedic Surgeon *Independent Medical File Review, dtd. August 18, 2016,* and Curriculum Vitae |
| 10 | | | | Medical Records:  Aurora St. Luke's Medical Center (Emergency Room) *Confidential |
| 11 | | | | Medical Records:  Aurora Advanced Orthopaedics *Confidential |
| 12 | | | | Medical Records:  Bell Ambulance *Confidential |
| 13 | | | | Medical Records: Sixteenth Street Clinic *Confidential |
| 14 | | | | Medical Records produced by Defendant in response to Discovery 16th Street Clinic (MPD-AVI 007079-7198) Aurora St. Luke's Medical Center (MPD-AVI 007199-7256) *Confidential |
| 15 | | | | Medical Records:  Diagnostic Imaging and Reports 10/1/2012 *Confidential |
| 16 | | | | Medical Records:  Diagnostic Imaging and Reports 10/02/2012 *Confidential |
| 17 | | | | Medical Records:  Diagnostic Imaging and Reports 10/09/2012 *Confidential |
| 18 | | | | Medical Records:  Diagnostic Imaging and Reports 11/06/2012 *Confidential |
| 19 | | | | Medical Records:  Diagnostic Imaging and Reports 12/04/2012 *Confidential |
| 20 | | | | Medical Records:  Diagnostic Imaging and Reports 04/12/2016 *Confidential |
| 21 | | | | Medical Records:  Diagnostic Imaging and Reports 04/23/2016 *Confidential |
| 22 | | | D OBJ | Medical Bills *Confidential |
| 23 | | | D OBJ | Non-Economic Damages Chart |
| 24 | | | D OBJ | Mortality Chart/Calculation |
| 25 | | | D OBJ | Complaint against Ofc. Bohlen *Confidential Filed by Johnson-Moffit, K. *(MPD AVI 005152-5174)* |
| 26 | | | D OBJ | Complaint against Ofc. Bohlen *Confidential Filed by Ramirez, G. *(MPD AVI 003739-3809)* |
| 27 | | | D OBJ | Complaint against Ofc. Bohlen *Confidential Filed by Davis, Perez *(MPD AVI 004251-4313)* |
| 28 | | | D OBJ | Complaint against Ofc. Bohlen *Confidential Filed by Trammell, T. *(MPD AVI 003851-4006)* |
| 29 | | | D OBJ | Complaint against Ofc. Bohlen *Confidential Filed by Evans, Jerome *(MPD AVI 005485)* |
| 30 | | | D OBJ | **Demonstrative:** Map of 1528 West Lapham Blvd. |
| 31 | | | D OBJ | **Demonstrative:** Map of 1565-1567 S 14th Street (Zach Bueno's House) |
| 32 | | | D OBJ | **Demonstrative:**  Photos of Plaintiff |

| | | | | | |
|---|---|---|---|---|---|
| 33 | | | | D OBJ | **Demonstrative:** Photos of Plaintiff's family |
| 34 | | | | D OBJ | **Demonstrative:** Wooden box/platform of median curb |
| 35 | | | | D OBJ | **Demonstrative:** Photo of median curb |
| 36 | | | | D OBJ | **Demonstrative:** Illustration of injury based on diagnostic imaging |
| 37 | | | | D OBJ | **Demonstrative:** Anatomical diagrams and diagnostic imaging reports |
| 38 | | | | D OBJ | **Demonstrative:** Model of Shoulder |
| 39 | | | | D OBJ | **Demonstrative:** Chart/List of Bohlen's Injury Cases |
| 40 | | | | D OBJ | **Demonstrative:** Excerpt from Jury Instructions |
| 41 | | | | D OBJ | **Demonstrative:** Non-Economic Damages Chart |
| 42 | | | | | **Demonstrative:** Verdict Form |
| 43 | | | | | **Demonstrative:** Ambulance Report |
| 44 | | | | | **Demonstrative:** ER Report |
| 45 | | | | | **Demonstrative:** X-Ray Right Humerus |
| 46 | | | | | **Demonstrative:** MRI Report |
| 47 | | | | | **Demonstrative:** Anatomical Model of Humerus |
| 48 | | | | | **Demonstrative:** Anatomical Model of Arm including clavicle |
| 49 | | | | | **Demonstrative:** Humerus Bone or facsimile |
| | 1000 | | | | Deposition of Enrique Avina, Jr. *(including video, transcript, and exhibits thereto)* |
| | 1001 | | | | Deposition of Zachary Bueno *(including video, transcript, and exhibits thereto)* |
| | 1002 | | | | Deposition of Bryan Matamoros *(including video, transcript, and exhibits thereto)* |
| | 1003 | | | | Deposition of Enrique Avina, Sr. *(including video, transcript, and exhibits thereto)* |
| | 1004 | | | | Deposition of Guadalupe Bueno *(including video, transcript, and exhibits thereto)* |
| | 1005 | | | | Deposition of Ofc. Michael Rohde *(including video, transcript, and exhibits thereto)* |
| | 1006 | | | | Deposition of Ofc. Todd Bohlen *(including video, transcript, and exhibits thereto)* |
| | 1007 | | | | Deposition of Lt. Timothy Leitzke *(including video, transcript, and exhibits thereto)* |
| | 1008 | | | P OBJ | Declaration of Enrique Avina, Jr. in Reply to Def. MSJ |
| | 1009 | | | P OBJ | Declaration of Zachary Bueno in Reply to Def. MSJ |
| | 1010 | | | P OBJ | Declaration of Bryan Matamoros in Reply to Def. MSJ |

| | 1011 | | | P OBJ | Declaration of Enrique Avina, Sr. in Reply to Def. MSJ |
|---|------|---|---|-------|---|
| | 1012 | | | P OBJ | Declaration of Guadalupe Bueno in Reply to Def. MSJ |
| | 1013 | | | P OBJ | Citation 6544021 1 – Trespassing (Incident) (Objection to Bohlen Summary) |
| | 1014 | | | P OBJ | MPD – Use of Force Incident Report |
| | 1015 | | | P OBJ | CAD 122751883 |
| | 1016 | | | P OBJ | CAD 122751454 |
| | 1017 | | | P OBJ | Aerial view map of South Division, marked by witnesses |
| | 1018 | | | P OBJ | Map of Zachary Bueno's home, marked by witnesses |
| | 1019 | | | P OBJ | Photos of Plaintiff taken by MPD |
| | 1020 | | | | MPD code of Conduct |
| | 1021 | | | | Code of Conduct SOP, issued 07.21.2010 |
| | 1022 | | | | SOP – 070 – Citation Procedures |
| | 1023 | | | | SOP – 220 – Arrest Authority |
| | 1024 | | | | SOP – 460 – Use of Force |
| | 1025 | | | | SOP – 090 – Prisoners |
| | 1026 | | | | SOP – 140 – Juvenile Procedures |
| | 1027 | | | | DAAT, 2007 |
| | 1028 | | | | DAAT Manual Pages 36-41, Types of Holds |
| | 1029 | | | | 50 Pages of Medical Records from Aurora on Enrique Avina for 10.02.12 to 09.15.2014 |
| | 1030 | | | | Avina Medical Records |
| | 1031 | | | P OBJ | Avina Medical Records 16th Street Community Health Center |
| | 1032 | | | | Dr. Kohn's CV |
| | 1033 | | | | Dr. Kohn Expert Report, dated 08.18.2016 |
| | 1034 | | | P OBJ | Dr. Patari CV (Subject to Motion in Limine) |
| | 1035 | | | P OBJ | Dr. Patari Expert Report, dated 10.12.2016 (Subject to Motion in Limine) |
| | 1036 | | | P OBJ | PA-45 – Graffiti Complaint 09.09.2010 |
| | 1037 | | | P OBJ | PA-45 – Curfew Citation 07.28.2010 |
| | 1038 | | | P OBJ | Incident Report 102420033, Aggravated Battery – Avina Victim 08.29.2010 |

| | | | | | |
|---|---|---|---|---|---|
| | **1039** | | | **P OBJ** | Incident Report 103180015 Battery Avina Witness (location at mom's house) 11.14.2010 |
| | **1040** | | | **P OBJ** | MPS Records of Enrique Avina *Confidential |
| | **1041** | | | **P OBJ** | Demonstrative – Color Map of 15285 W. Lapham, overhead view |
| | 1042 | | | **P OBJ** | Demonstrative – Color Map of 15285 W. Lapham, overhead view |
| | 1043 | | | **P OBJ** | Demonstrative – Color Map of S. 14th Street, Street Level View |
| | 1044 | | | **P OBJ** | Demonstrative – Color Map of W. Lapham Blvd. and S. 14th Streets, overhead view |

## <u>WITNESSES:</u>

| | | | | | |
|---|---|---|---|---|---|
| **1** | | | | | **Plaintiff**: Enrique Avina, Jr. c/o Plaintiff's Counsel |
| **2** | | | | | **Plaintiff's Witness**: Enrique Avina, Sr. c/o Plaintiff's Counsel |
| **3** | | | | | **Plaintiff's Witness**: Guadalupe Bueno Plaintiff's Parent c/o Plaintiff's Counsel |
| **4** | | | | | **Plaintiff's Witness**: Zachary Bueno Mejia *Witness of Incident* c/o Plaintiff's Counsel |
| **5** | | | | | **Plaintiff's Witness**: Bryan Matamoros *Witness of Incident* c/o Plaintiff's Counsel |
| **6** | | | | **D OBJ** | **Plaintiff's Witness**: Navjot S. Kohli Medical Provider, Orthopedic Surgeon Aurora Advanced Orthopaedics 2801 W Kinnickinnic River Parkway, Suite 345 Milwaukee, WI 53215 |
| **7** | | | | **D OBJ** | **Plaintiff's Witness**: Harvey S. Kohn, M.D. Expert Witness, Orthopedic Surgeon To be contacted through Plaintiff's counsel. |
| **8** | | | | **P OBJ** | **Defendant's Witness**: Sanjay K. Patari Crawford Evaluation Group 20855 Watertown Road, Suite 150 Waukesha, WI Defense Expert, Orthopedic Surgeon |
| **9** | | | | **D OBJ** | **Plaintiff's Witness**: Kimmy Olson Medical Provider, Emergency Room, Nurse Aurora St. Luke's Medical Center 2900 W. Oklahoma Avenue Milwaukee, WI 53215-4330 |
| **10** | | | | **D OBJ** | **Plaintiff's Witness**: Kelly Fabian, RN Medical Provider, Emergency Room, Triage Nurse Aurora St. Luke's Medical Center 2900 W. Oklahoma Avenue Milwaukee, WI 53215-4330 |
| **11** | | | | **D OBJ** | **Plaintiff's Witness**: Michael Uihlein, M.D. Medical Provider, Emergency Room, Admitting Physician Aurora St. Luke's Medical Center 2900 W. Oklahoma Avenue Milwaukee, WI 53215-4330 |

| | | | | | |
|---|---|---|---|---|---|
| 12 | | | | D OBJ | **Plaintiff's Witness:** Eric R. Yoerin, NP<br>Medical Provider, Orthopedic Office, Nurse Practitioner<br>Aurora Advanced Orthopaedics<br>2801 W Kinnickinnic River Parkway, Suite 345<br>Milwaukee, WI 53215 |
| 13 | | | | D OBJ | **Plaintiff's Witness:** Megan Scheller<br>Medical Provider, Orthopedic Office, Licensed Athletic Trainer<br>Aurora Advanced Orthopaedics<br>2801 W Kinnickinnic River Parkway, Suite 345<br>Milwaukee, WI 53215 |
| 14 | | | | | **Defendant:** Ofc. Todd Bohlen<br>Defendant, Arresting Officer<br>To be contacted through Defense counsel. |
| 15 | | | | D OBJ | **Plaintiff's Witness:** Christopher Anderson<br>Medical Provider: Bell Ambulance, Emergency Medical Technician<br>549 E. Wilson Street<br>Milwaukee, WI 53207 |
| 16 | | | | D OBJ | **Plaintiff's Witness:** Alisen Huske, M.D.<br>Medical Provider |
| 17 | | | | D OBJ | **Plaintiff's Witness:** Francisco Enriquez<br>Medical Provider |
| 18 | | | | D OBJ | **Plaintiff's Witness:** Kenya Conley<br>Photographer/ Investigator (*to authenticate photos*) |
| 19 | | | | D OBJ | **Plaintiff's Witness:** Johnson-Moffit, K.<br>2827 West Brown Street<br>Milwaukee, WI |
| 20 | | | | D OBJ | **Plaintiff's Witness:** Evans, J.<br>8842C No. 95th Street<br>Milwaukee, WI |
| 21 | | | | D OBJ | **Plaintiff's Witness:** Davis, P.<br>3204 North 35 Street<br>Milwaukee, WI |
| 22 | | | | | **Defendant's Witness:** Ofc. Mike Rohde<br>Arresting Officer<br>To be contacted through Defense counsel. |
| 23 | | | | D OBJ | **Plaintiff's Witness:** Trammell, T.<br>2904 West Clarke Street<br>Milwaukee, WI |
| 24 | | | | D OBJ | **Plaintiff's Witness:** Ramirez, Gabriel<br>Milwaukee, WI |
| 25 | | | | | **Plaintiff's Witness:** Records Custodian, Aurora St. Luke's Medical Center<br>2900 W. Oklahoma Avenue<br>Milwaukee, WI 53215-4330 |
| 26 | | | | | **Plaintiff's Witness:** Records Custodian, Aurora Advanced Orthopaedics<br>2801 West Kinnickinnic River Parkway, Suite 345<br>Milwaukee, WI 53215 |
| 27 | | | | | **Plaintiff's Witness:** Records Custodian, Bell Ambulance<br>549 E. Wilson Street<br>Milwaukee, WI 53207 |
| 28 | | | | | **Plaintiff's Witness:** Records Custodian, Sixteenth Street Clinic<br>2906 South 20th Street<br>Milwaukee, WI 53215 |
| 29 | | | | | **Plaintiff's Witness:** Records Custodian, Smart Choice MRI<br>1621 Miller Parkway<br>Milwaukee, WI 53214 |
| 30 | | | | P OBJ | **Defendant's Witness:** Aaron Shapiro<br>To be contacted through Defense counsel |

| 31 | | | | **P OBJ** | **Defendant's Witness:** Avelino R. Jimenez<br>144a S. 72nd Street, Milwaukee, WI |
|---|---|---|---|---|---|
| 32 | | | | **P OBJ** | **Defendant's Witness:** Joseph Warren<br>To be contacted through Defense counsel. |
| 33 | | | | **P OBJ** | **Defendant's Witness:** James Jekanoski<br>To be contacted through Defense counsel. |
| 34 | | | | **P OBJ** | **Defendant's Witness:** Forensic Investigator Jenkins<br>To be contacted through Defense counsel. |
| 35 | | | | **P OBJ** | **Defendant's Witness:** Records Custodian<br>Milwaukee Board of School Directors<br>Office of School Governance<br>5225 W Vliet Street<br>Milwaukee, WI  53208-2627 |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ENRIQUE AVINA, JR.,

                                           Case Number:  2:13-cv-01433-JPS

      Plaintiff,

      v.

TODD BOHLEN and
CITY OF MILWAUKEE,

      Defendants.

## ESTIMATED TIME TO TRY CASE

**The estimated time to try this case is 5 days.**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ENRIQUE AVINA, JR.,

                               Case Number: 2:13-cv-01433-JPS

      Plaintiff,

      v.

TODD BOHLEN and
CITY OF MILWAUKEE,

      Defendants.

## <u>J</u>OINT <u>P</u>ROPOSED <u>V</u>OIR <u>D</u>IRE

The Parties hereby submit the following *voir dire* questions to be asked in combination with any other standard *voir dire* question asked by the Court as a matter of course.

1. What cities or suburbs have you lived in for the last ten years?

2. Where are you from originally?

3. What is your current marital status?

4. Do you own your home or rent it?

5. What is your highest level of education?

6.     What is your current employment status? If you are employed, who is your employer and what is your job? How long have you held that job? If you are retired, please give this information about your career.

7.     If applicable, what is your spouse or partner's employment status, and what is the employment status of any others who live with you, as well as any adult children? What do they do for a living?

8.     Are you or any member of your household a union member?  If so, please identify the unions you or they are members of.

9.     If applicable, what is your spouse or partner's highest level of education?

10.     If you have children, what are their ages, education levels, and occupations, if

any?

11.     Have you, a relative, or a close friend ever been a party to a lawsuit? If yes:

a.     What type of lawsuit was it?

b.     Were you, your relative, or close friend the person who filed the lawsuit or the person being sued? If neither, please explain.

c.     Was the lawsuit resolved in a manner agreeable to you, your relative, or close friend?

d.     Did the experience leave you with any strong impressions with regard to what goes on in a courtroom? If so, what were they?

12.     Do you have prior jury experience? If yes:

a.     On how many occasions have you served on a jury?

b.     Have you served on criminal or civil juries, or both?

c.     Were you ever the foreperson of a jury?

d.     Was there a verdict in any of the cases in which you served on a jury? What was the verdict?

13.     Do you know any of the parties in this case (or their attorneys)? If so, please explain.

14.     Do you know anyone who is either employed by or otherwise associated with any of the parties to this case (or their attorneys)? If so, please explain.

15.     Do you know of any of the witnesses in this case? If so, please explain.

16.     Do you have any legal education or training? If so, please explain.

17.     Do you have any relatives or close friends who are in the legal profession? If so, please explain.

18.     Do you have any relatives or close friends who are law enforcement officers? If so, please explain.

19.     Have you, a relative, or a close friend ever worked for any governmental body, law enforcement agency, or security-related business? If so, please explain.

20.     Have you ever applied for a job with a law-enforcement agency, government body, or security-related business? If so, please explain.

21.     Have you ever been a victim or witness in a criminal case? If so, please explain.

22.     If you are instructed that police may only use the amount of force against a person that is reasonably necessary to control a situation, even if a person has violated the law, could you faithfully apply that instruction? Could you find against an officer even if the person had violated the law?

23.     Have you, or any relatives or close friends, had any dealings with police officers or other law enforcement officials that left you with strongly positive or negative feelings about police officers or law enforcement officials generally?

24.     In this case, the witnesses include law enforcement officers. Does anyone believe that a law enforcement officer is less/more credible or believable than any other person?

25.     Do you think that citizens who have been treated unfairly or illegally have less of a right to bring a lawsuit against a law enforcement officer than they would against a private citizen?

26.     Would any of you have a hard time awarding damages for intangible items such as mental anguish, emotional injury, and pain and suffering?

27.     What is your biggest concern, if any, about how our judicial system works?

28.     What are your hobbies or other major interests outside of work?

29.     To what clubs, religious or civic organizations, societies, fraternal, community, political organizations, professional associations, unions, or other groups do you or your spouse or partner belong?[2] Have you or your spouse or partner held leadership positions with any such organizations?

30.     Do you hold any moral, religious, philosophical or other personal beliefs that might make it difficult to stand in judgment of another?

31.     Do you have any health problems that might affect your ability to serve as a juror in this case? If so, please explain.

32.     Do you know of anything in your background that we have not talked about that the court or the parties to the case should know about your ability to serve as a fair and impartial juror in this case?

33.     Have you read, seen or heard anything about this incident and/or lawsuit on the radio, television or internet? If so, would that coverage or commentary influence you in your consideration of the evidence of this case?

34.     Do you have any feelings, whether strongly positive or strongly negative, towards the City of Milwaukee Police Department? If so, would those feelings influence your consideration of the evidence of this case?

35.     Have you or any members of your family had any police training? If so, what was the nature and extent of that training?

36.     Are you or members of your family familiar with the location of South Division High School in the City of Milwaukee?

37.     Have you or a member of your immediate family ever made a claim against any law enforcement department? Please briefly explain.

38.     Have you or any member of your family or close friend had any unpleasant experience or encounter with any police officer?

39.     Is there anything about the nature of this case that may make it difficult for you to sit on the jury?

40.     Have you, or any of your family or friends, ever been detained by a law enforcement officer? If yes, please identify who has been detained and describe the circumstances of the detention.

41.     Have you, or do you have any family or friends who have been to jail or prison?

If yes, please describe the relationship you have with said person(s).

42.    Would you have a problem awarding damages to the plaintiff if you decide that he is entitled to them?

43.    Would you have a problem awarding punitive damages to the plaintiff if you decide that he is entitled to them?

44.    Are you any more or less likely to award damages in favor of plaintiff simply because the defendant is a police officer?

45.    Are you any more or less likely to award punitive damages in favor of plaintiff simply because the defendant is a police officer?

46.    Are you any more or less likely to award damages in favor of plaintiff simply because he was a juvenile at the time of underlying incident? PL OBJ

47.    Would you have a problem awarding over $500,000.00 in damages? D OBJ

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ENRIQUE AVINA, JR.,

Case Number: 2:13-cv-01433-JPS

      Plaintiff,

      v.

TODD BOHLEN and
CITY OF MILWAUKEE,

      Defendants.

## SUMMARY OF THE ELEMENTS

The Plaintiff is suing under Sections 1983 and 1985(2) of Title 42 of the United States Code, which are civil rights laws that provide a remedy to persons who have been deprived of their constitutional rights under color of state law.

The Plaintiff must prove both of the following elements by a preponderance of the evidence:

1. Whether Officer Bohlen acted within the scope of employment and under color of law (Defendant has stipulated to this element.)

2. Whether Officer Bohlen's use of force was unreasonable.

Defenses to Claim 1:

1. The force used in the handcuffing and escort were reasonable.

2. Defendant did not intentionally use any force against Plaintiff for the purpose of breaking his arm, or that he knew or should have known that the possible or

likely consequence of use of such force would result in injury to the Plaintiff.

3. Defendant did not know or should have known that the reasonable force used in effecting the handcuffing and escort would result in Plaintiff's arm being broken.

4. Plaintiff's arm breaking was an unforeseen and unintended accident outside the control of Defendant.

5. Defendant's acts were the direct and proximate cause of his own injury.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ENRIQUE AVINA, JR.,

                          Case Number: 2:13-cv-01433-JPS

      Plaintiff,

      v.

TODD BOHLEN and
CITY OF MILWAUKEE,

      Defendants.

## JOINT PROPOSED JURY INSTRUCTIONS

| | |
|---|---|
| 1.01 | Functions of the Court and the Jury |
| 1.02 | No Inference from Judge's Questions |
| 1.04 | Evidence |
| 1.05 | Deposition Testimony (if needed) |
| 1.06 | What is Not Evidence |
| 1.07 | Note Taking |
| 1.08 | Consideration of All Evidence Regardless of Who Produced |
| 1.09 | Limited Purpose of Evidence |
| 1.11 | Weighing the Evidence |
| 1.12 | Definition of "Direct" and "Circumstantial" Evidence |
| 1.13 | Testimony of Witnesses (Deciding What to Believe) |
| 1.14 | Prior Inconsistent Statements or Acts |
| 1.15 | Impeachment with Conviction |
| 1.16 | Lawyer Interviewing Witness |
| 1.17 | Number of Witnesses |
| 1.18 | Absence of Evidence |
| 1.19 | Adverse Inference from Missing Witness |
| 1.21 | Expert Witnesses |
| 1.22 | Translated Language |
| 1.24 | Demonstrative Exhibits |
| 1.27 | Burden of Proof |
| 1.31 | No Need to Consider Damages Instruction |
| 1.32 | Selection of Presiding Juror; General Verdicts |

1.33   Communication with Court
1.34   Disagreement Among Jurors
2.05   Stipulation of Fact
2.06   Judicial Notice
2.07   Transcript of Recording
2.08   Deposition as Substantive Evidence
2.09   Use of Interrogatories
2.11   Impeachment by Conviction of Crime
2.14   Judge's Comments to Lawyer
7.01   General:  Police Department/Municipality Not a Party
7.02   General:  Requirement of Personal Involvement
7.04   Limiting Instruction Concerning Evidence of Statutes, Administrative
       Rules, Regulations, and Policies

       The Law as Related to Plaintiff's Claims – General

7.09   Fourth Amendment:  Excessive Use of Force Against Arrestee – Elements
7.10   Fourth Amendment:  Excessive Force Against Arrestee – Definition of
       "Unreasonable"
7.22   Damage:  Prefatory Instruction
7.26   Damages:  Compensatory
7.28   Damages:  Punitive

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.01

_____     Given

_____     Rejected

_____     Withdrawn

_____     Objected to

## NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I may have asked a witness a question. Do not assume that because I asked questions, I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.02

_____        Given

_____        Rejected

_____        Withdrawn

_____        Objected to

## WHAT IS EVIDENCE

The evidence consists of the testimony of the witnesses, and the exhibits admitted in evidence.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.04

_____     Given

_____     Rejected

_____     Withdrawn

_____     Objected to

**DEPOSITION - TESTIMONY**

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.05

_____     Given

_____     Rejected

_____     Withdrawn

_____     Objected to

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.06

_____        Given

_____        Rejected

_____        Withdrawn

_____        Objected to

## NOTE TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.07

_____     Given

_____     Rejected

_____     Withdrawn

_____     Objected to

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED IT

In determining whether any fact has been proven, you should consider all of the evidence bearing on the question regardless of who introduced it.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.08

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Source:          Seventh Circuit Pattern Civil Jury Instruction 1.09

_____          Given

_____          Rejected

_____          Withdrawn

_____          Objected to

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.11

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.12

_____        Given

_____        Rejected

_____        Withdrawn

_____        Objected to

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.13

_____    Given

_____    Rejected

_____    Withdrawn

_____    Objected to

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by any Party or any Witness under oath before trial, as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.14

_____     Given

_____     Rejected

_____     Withdrawn

_____     Objected to

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.16

_____    Given

_____    Rejected

_____    Withdrawn

_____    Objected to

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.17

_____          Given

_____          Rejected

_____          Withdrawn

_____          Objected to

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.18

_____    Given

_____    Rejected

_____    Withdrawn

_____    Objected to

**ADVERSE INFERENCE FROM MISSING WITNESS**

The Vice Principal of South Division High School was mentioned at trial but did not testify. You may, but are not required to, assume that the Vice Principal's testimony would have been unfavorable to the Plaintiff.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.19

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## TRANSLATED LANGUAGE

You should consider only the evidence provided through the official interpreter. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.22

_____    Given

_____    Rejected

_____    Withdrawn

_____    Objected to

**DEMONSTRATIVE EXHIBITS**

Certain photographs, sketches, maps and diagrams have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.24

_____        Given

_____        Rejected

_____        Withdrawn

_____        Objected to

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.27

_____         Given

_____         Rejected

_____         Withdrawn

_____         Objected to

## NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.31

_____     Given

_____     Rejected

_____     Withdrawn

_____     Objected to

## SELECTION OF PRESIDING JUROR; GENERAL VERDICTS

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form, and all of you will sign it.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.32

_____     Given

_____     Rejected

_____     Withdrawn

_____     Objected to

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

[If you do communicate with me, you should not indicate in your note what your numerical division is, if any.]

Source: Seventh Circuit Pattern Civil Jury Instruction 1.33

_____     Given

_____     Rejected

_____     Withdrawn

_____     Objected to

## DISAGREEMENT AMONG JURORS

The verdict(s) must represent the considered judgement of each juror. Your verdict(s), whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of facts.

Source: Seventh Circuit Pattern Civil Jury Instruction 1.34

_____     Given

_____     Rejected

_____     Withdrawn

_____     Objected to

**STIPULATION OF FACT**

The parties have stipulated, or agreed, that *[stipulated fact]*. You must now treat this fact as having been proved for the purpose of this case.

Source: Seventh Circuit Pattern Civil Jury Instruction 2.05

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## JUDICIAL NOTICE

I have decided to accept as proved the fact that *[fact]*. You must now treat this fact as having been proved for the purpose of this case.

Source: Seventh Circuit Pattern Civil Jury Instruction 2.06

_____        Given

_____        Rejected

_____        Withdrawn

_____        Objected to

# TRANSCRIPT OF RECORDING

You are about to hear a recording that has been received in evidence. This recording is proper evidence and you may consider it, just as any other evidence.

You will be given a transcript to use as a guide to help you follow as you listen to the recording. The transcript is not evidence of what was actually said or who said it. It is up to you to decide whether the transcript correctly reflects what was said and who said it. If you notice any difference between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And if after careful listening, you cannot hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

[You may consider the actions of a person, facial expressions and lip movements that you can observe on videos to help you to determine what was actually said and who said it.]

Source: Seventh Circuit Pattern Civil Jury Instruction 2.07

_____        Given

_____        Rejected

_____        Withdrawn

_____        Objected to

## DEPOSITION AS SUBSTANTIVE EVIDENCE

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*Witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Source: Seventh Circuit Pattern Civil Jury Instruction 2.08

_____     Given

_____     Rejected

_____     Withdrawn

_____     Objected to

**USE OF INTERROGATORIES (TO BE USED ONLY WHEN INTERROGATORIES ARE READ WITHOUT ADMISSION INTO EVIDENCE)**

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

Source: Seventh Circuit Pattern Civil Jury Instruction 2.09

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Source: Seventh Circuit Pattern Civil Jury Instruction 2.14

_____     Given

_____     Rejected

_____     Withdrawn

_____     Objected to

**GENERAL:  POLICE DEPARTMENT/MUNICIPALITY NOT A PARTY**

Defendant is being sued as an individual.  Neither the Milwaukee Police Department, the City of Milwaukee, the Milwaukee County Sheriff's Department nor Milwaukee County are parties to this lawsuit.

Source: Seventh Circuit Pattern Civil Jury Instruction 7.01

_____          Given

_____          Rejected

_____          Withdrawn

_____          Objected to

## LIMITING INSTRUCTION CONCERNINGEVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES

You have heard evidence about whether Defendant's conduct complied with his training. You may consider this evidence in your deliberations. But remember that the issue is whether Defendant used excessive force, not whether a policy might have been violated.

Source: Seventh Circuit Pattern Civil Jury Instruction 7.04

_____    Given

_____    Rejected

_____    Withdrawn

_____    Objected to

**PLAINTIFF'S PROPOSED INSTRUCTION: 7.09 FOURTH AMENDMENT AND FOURTEENTH AMENDMENT EXCESSIVE FORCE AGAINST ARRESTEE OR DETAINEE – ELEMENTS**

Plaintiff claims that Defendant used excessive force against him. To succeed on this claim, Plaintiff must prove the following element by a preponderance of the evidence:

1. Defendant used unreasonable force against Plaintiff.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If on the other hand, you find that Plaintiff did not prove by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Source: Seventh Circuit Pattern Civil Jury Instruction 7.09

_____     Given

_____     Rejected

_____     Withdrawn

_____     Objected to

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ENRIQUE AVINA, JR.,

                                      Case Number:  2:13-cv-01433-JPS

      Plaintiff,

      v.

TODD BOHLEN and
CITY OF MILWAUKEE,

      Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S PROPOSED JURY INSTRUCTION NUMBER 7.09 – EXCESSIVE FORCE AND IN OPPOSITION OF DEFENDANT'S PROPOSED JURY INSTRUCTION NUMBER 7.09

Plaintiff submits this memorandum of law in support of his Proposed Jury Instruction Number 7.09 – Excessive Force, and in opposition to Defendant's Proposed Jury Instruction Number 7.09.

Plaintiff's proposed jury instruction is taken verbatim from the Standard Federal Jury Instructions. Because the Defense has stipulated to Officer Bohlen's actions being under "the color of law" that element was removed from the instruction, as anticipated in the noted to the instruction. The Defense wishes to interpose an additional requirement that will mislead and confuse the jury. They wish to add the requirement that the Plaintiff prove that officer Bohlen intended to break Plaintiff Avina's arm. That is a gross misstatement of the applicable law. While the Court does have the option to include a requirement of intent, doing so in this case would be an error. The proper use of the word intent in a jury instruction on excessive force is to show that Officer Bohlen

"purposely and knowingly" used force in attempting to arrest Avina. There is no issue in this case that Bohlen did not intend to arrest Avina or that he did not know that he was using force by physically restraining Avina and holding his arm behind his back. To imply that Plaintiff needs to prove that Officer Bohlen intended to use excessive force as opposed to proving that he did in fact use excessive force adds an element of proof that is not intended by the law. In summary, the use of force was not accidental. The Defendant admits the use of force was intentional but claims the injury was accidental. That is not the intent of the jury instruction and will confuse the jury. Please see Kingsley v. Hendrickson, 135 S.Ct. 2466, 192 L.Ed.2d 416, 2015 U.S. Lexis 4073 (2015) and Miller v. Gonzalez 2018 U.S. App. Lexis 22644 (7th Cir. 2018)

Respectfully submitted,

Counsel for Plaintiff,

/s/ Verona E. Swanigan
Verona E. Swanigan, Esq.
SBN: 1086459
THE SWANIGAN FIRM
425 West Capitol Avenue, Suite 1533
Little Rock, AR  72201
(866) 603-5239
(866) 603-5239 - Fax
dandaattorneys@gmail.com

/s/ Marwan E. Porter
Marwan E. Porter, Esq.
FL Bar No. 026813
THE COCHRAN FIRM TREASURE COAST
5033 SE Federal Highway
Stuart, FL  34997
(772) 266-4159
(772) 678-7566 - Fax
mporter@cochranfirm.com

*/s/ Jon A. Zepnick*

Jon A. Zepnick Esq.
FL Bar No. 0586951
**JON A. ZEPNICK, P.A.**
1138 Lincoln Street
Hollywood, FL 33019
(954) 589-1710
(954) 589-1004 - Fax
Jon@injuredinflorida.com

DEFENDANT'S PROPOSED INSTRUCTION REGARDING THE ELEMENTS OF
EXCESSIVE FORCE

7.09 FOURTH AMENDMENT AND FOURTEENTH AMENDMENT :
EXCESSIVE FORCE AGAINST ARRESTEE OR DETAINEE- ELEMENTS

Plaintiff Avina claims that Defendant Bohlen used excessive force against him. To succeed on this claim, Plaintiff Avina must prove each of the following two things by a preponderance of the evidence:

1. Defendant Bohlen intentionally used force against Plaintiff;
2. The force Defendant Bohlen used was unreasonable;

If you find that Plaintiff Avina has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff Avina, and go on to consider the question of damages.

If on the other hand, you find that Plaintiff Avina did not prove any one of these things by a preponderance of the evidence, then you must decide for Defendant Bohlen, and you will not consider the question of damages.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENRIQUE AVINA,

        Plaintiff,

                                Case No.: 13-CV-1433

    v.

TODD BOHLEN,

        Defendant.

DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS
PROPOSED INSTRUCTION REGARDING THE ELEMENTS OF EXCESSIVE FORCE

Defendant Bohlen submits this memorandum in support of his proposed special

verdict form pursuant to this Court's order.

The two elements are contained in the Committee Comment as language a court

should consider in instances where the application of force was accidental, explaining

that the standard first element:

    1.   Defendant used unreasonable force against Plaintiff

would be broken down into two subparts:

    1.   Defendant intentionally used force against Plaintiff;

    2.   The force Defendant used was unreasonable.

This would be appropriate here because an accident is precisely the explanation

of the Defendant Bohlen will be offering to the jury regarding how Plaintiff Avina's

injury occurred. This explanation is complicated by the fact that Defendant Bohlen was

using force at the time the injury occurred, i.e., he was holding onto Plaintiff Avina's

arm and escorting him to the patrol vehicle. Plaintiff Avina, as Defendant understands it, will assert that Defendant Bohlen purposefully and intentionally pulled Plaintiff Avina's arm up in a violent manner, which they will identify as an unreasonable use of force – the injury is not an element of the claim, but rather evidence of not only the unreasonableness, but of the use of force itself. Defendant Bohlen denies that he pulled Plaintiff Avina's arm up, and if there was an application of physical forces that combined to injure Plaintiff Avina, it was an unforeseeable accident and not through an intentional use of force beyond Defendant Bohlen's reasonable use of force in holding his arm while escorting him to the vehicle.

To be clear, Defendant Bohlen does not assert that Plaintiff Avina must prove intent to injure, rather that Plaintiff Avina must prove an intentional and unreasonable use of force related to the alleged jerking of Plaintiff Avina's arm to overcome Defendant Bohlen's assertion that any application of force beyond the escort was accidental.

As the Court can appreciate, there are some fine point distinctions to be made here. Defendant Bohlen believes that the only hope it has of adequately explaining the evidence and applying it to the elements is if the proposed formulation is presented to the jury.

GRANT F. LANGLEY
City Attorney

s/ ROBIN PEDERSON
Assistant City Attorney
State Bar No. 01045759
Attorneys for Defendant
Milwaukee City Attorney's Office

**FOURTH AMENDMENT: EXCESSIVE FORCE AGAINST ARRESTEE –
DEFINITION OF "UNREASONABLE"**

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

In deciding whether Defendant Bohlen used unreasonable force, you should consider all of the circumstances. Circumstances you may consider include the need for the use of force, the relationship between the need for the use of force and the amount of force used, the extent of the plaintiffs injury, the severity of the crime at issue, the threat reasonably perceived by the officer, and whether the plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing, but you are not limited to these circumstances.

You must decide whether Defendant Bohlen's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant Bohlen faced. You must make this decision based on what the officer knew at the time of the use of force, not based on matters learned after the use of force. In deciding whether Defendant Bohlen's use of force was unreasonable, you must not consider whether Defendant Bohlen's intentions were good or bad.

Source: Seventh Circuit Pattern Civil Jury Instruction 7.10

_____        Given

_____        Rejected

_____        Withdrawn

_____        Objected to

## DAMAGES:  PREFATORY INSTRUCTION

If you find that Plaintiffs have proved any of their claims against any of the Defendants, then you must determine what amount of damages, Plaintiffs are entitled to recover.

If you find that Plaintiffs have failed to prove all of their claims, then you will not consider the question of damages.

Source: Seventh Circuit Pattern Civil Jury Instruction 7.22

_____     Given

_____     Rejected

_____     Withdrawn

_____     Objected to

## DAMAGES: COMPENSATORY

If you find in favor of Plaintiffs on one or more of Plaintiffs' claims, then you must determine the amount of money that will fairly compensate each Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the excessive force used by Officer Bohlen.

Plaintiffs must prove their damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

**a.** The physical and mental and emotional pain and suffering that Mr. Avina experienced. No evidence of the dollar value of physical or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Mr. Avina for the injury he sustained.

**b.** The reasonable value of medical care that Plaintiff reasonably needed and actually, received as well as the present value of the care that he is reasonably certain to need and receive in the future.

Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.26

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

# DAMAGES:  PUNITIVE

If you find for the Plaintiff, you may, but are not required to, assess punitive damages against Defendant.  The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant.  You may assess punitive damages only if you find that Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights.  Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff.  Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party.  In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made; and
- the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

Source:  Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.28

_____        Given

_____        Rejected

_____        Withdrawn

_____        Objected to

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ENRIQUE AVINA, JR.,

                                                      Case Number:  2:13-cv-01433-JPS

      Plaintiff,

      v.

TODD BOHLEN and
CITY OF MILWAUKEE,

      Defendants.

## PLAINTIFF'S PROPOSED VERDICT FORM

We, the Jury, return the following verdict:

1. Did Todd Bohlen use excessive force against Enrique Avina, Jr.?

    ANSWER: _____        (Yes or No)

    *If you answered "yes" to Question 1, then answer questions 2-3:*

2. What amount of money will fairly compensate Enrique Avina, Jr. for the use of excessive force against him?

    ANSWER: $_____

3. What amount of money do you assess as punitive damages against Todd Bohlen?

    ANSWER: $_____

    TOTAL DAMAGES OF ENRIQUE AVINA, JR. (add lines 2 and 3)

    $ _____

SO SAY WE ALL, this _____ day of  _____, 2018.

                                           _____
                                           Presiding Juror

Case 2:13-cv-01433-JPS   Filed 02/08/19   Page 66 of 83   Document 177

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ENRIQUE AVINA, JR.,

                                              Case Number: 2:13-cv-01433-JPS

     Plaintiff,

     v.

TODD BOHLEN and
CITY OF MILWAUKEE,

     Defendants.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS SPECIAL VERDICT FORM

     Plaintiff submits this Memorandum in Support of his Proposed Verdict Form and as grounds therefor states as follows:

1. The instant matter is a relatively straightforward case and centers upon one issue: Whether or not the Defendant Todd Bohlen used excessive force upon the Plaintiff during their encounter. The Defendant's Proposed Verdict Form is not only confusing, but merely recites language taken from jury instructions that will be given by the Court.

2. Plaintiff has attached verdict forms from **three** prior cases that illustrate and confirm the relative simplicity of the Plaintiff's Proposed Verdict Form and the unnecessary complexity of the Defendant's submissions. All three of these prior cases involve identical issues that the jury is to consider in the case before this Court and do *not* include any confusing language on the submitted verdict forms, which at a glance are simple and straightforward.

3. Plaintiff respectfully submits that the Court consider the verdict form in the <u>Strasser</u> case as illustrative of Plaintiff's position in support of his proposed verdict form. The issues in <u>Strasser</u> and the instant matter are identical, and it is respectfully submitted that the verdict form in this case mirror that of the verdict form in <u>Strasser.</u>

4. Conversely, Plaintiff objects to the following questions on the verdict form submitted by the Defendant:

**Question 1**- Plaintiff objects to the language "totality of facts and circumstances at the time of Avina's arrest." This language is contained in the Court's jury instruction for Excessive Force and to repeat it again in the verdict form is simply confusing and unnecessary, as seen in the other verdict forms submitted by Plaintiff.

**Question 4**- Again, the Defendant seeks to get "two bites at the apple" in making the language of a jury instruction a separate question on the verdict form.

**Question 6-** This question overly complicates a simple damages question: The amount of punitive damages to be assessed against the Defendant.

Plaintiff respectfully submits that his Proposed Verdict Form be used by the Court as it is simple, straightforward and will not lead to any possibility of juror confusion. The verdict forms in the <u>Strasser</u>, <u>Phalen</u> and <u>Boone</u> cases illustrate the relative simplicity of a verdict form in a standard § 1983 action for excessive force.  (See attached **Exhibit A**.)

Respectfully submitted,

Counsel for Plaintiff,

*/s/ Verona E. Swanigan*
Verona E. Swanigan, Esq.
SBN: 1086459
**THE SWANIGAN FIRM**
425 West Capitol Avenue, Suite 1533
Little Rock, AR 72201
(866) 603-5239
(866) 603-5239 - Fax
dandaattorneys@gmail.com

*/s/ Marwan E. Porter*
Marwan E. Porter, Esq.
FL Bar No. 026813
**THE COCHRAN FIRM TREASURE COAST**
5033 SE Federal Highway
Stuart, FL 34997
(772) 266-4159
(772) 678-7566 - Fax
mporter@cochranfirm.com

*/s/ Jon A. Zepnick*
Jon A. Zepnick Esq.
FL Bar No. 0586951
**JON A. ZEPNICK, P.A.**
1138 Lincoln Street
Hollywood, FL 33019
(954) 589-1710
(954) 589-1004 - Fax
Jon@injuredinflorida.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JEFFREY STRASSER,
           **Plaintiff,**

    **v.**                             **Case No. 14-CV-1456**

ERIC RATZMANN and RAY BOGUST,
           **Defendants.**

## VERDICT

1. Did Eric Ratzmann use excessive force against Jeffrey Strasser?

    ANSWER: _*NO*_ (Yes or No)

*If you answered "yes" to Question 1, then answer Questions 2–4:*

2. Did Ray Bogust fail to intervene to prevent Eric Ratzmann from using excessive force against Jeffrey Strasser?

    ANSWER: _____ (Yes or No)

3. What amount of money, if any, will fairly and reasonably compensate Jeffrey Strasser for the use of excessive force against him?

    ANSWER: $_____

4. What amount of money, if any, do you assess as punitive damages against Eric Ratzmann?

    ANSWER: $_____

*If you answered "yes" to Question 2, then answer Question 5:*

5. What amount of money, if any, do you assess as punitive damages against Ray Bogust?

    ANSWER: $_____

Dated: *3/27/18*

Presiding Juror: *[signature] Thomas T Hotland*

U.S. ⬚ ⬚ ⬚
EASTER⬚ ⬚ ⬚ ⬚ICT-WI
FILED

'08 MAY 14 P1 :53

JOHN W SANFILIPPO
CLERK
Case No. 06-C-1145

JOHN PHALEN,

             Plaintiff,

    v.

DANIEL CULVER and
STEVEN MOON,

             Defendants.

## SPECIAL VERDICT

We, the jury, duly impaneled and sworn, for our verdict in the above-entitled action, find as follows:

**Question No. 1:**

Did defendant Daniel Culver use excessive force against plaintiff John Phalen on May 7, 2004?

             Answer: _____NO_____
                       (Yes or No)

**Question No. 2:**

In the event you answered Question No. 1 "Yes," then you must answer this question:

Was the use of excessive force a cause of injury to plaintiff John Phalen?

             Answer: _____
                       (Yes or No)

**Question No. 3:**

Did defendant Steven Moon use excessive force against plaintiff John Phalen on May 7, 2004?

Answer: ___*NO*___

(Yes or No)

**Question No. 4:**

In the event you answered Question No. 3 "Yes," then you must answer this question:

Was the use of excessive force a cause of injury to plaintiff John Phalen?

Answer: _____

(Yes or No)

**Question No. 5:**

In the event you answered either or both Questions No. 2 and No. 4 "Yes," then you must answer this question:

What amount, if any, do you award to plaintiff John Phalen as compensation for any damages he sustained as the direct result of any unlawful use of force?

Answer: $_____

Dated at Milwaukee, Wisconsin, this _____*14*_____ day of May, 2008.

_____
Foreperson

-2-

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

JOANNE BOONE, As Special Administrator of
Estate of David Boone, and AMIYA A.
DONELSON, by Robert A. Levine,
her Guardian *ad Litem,*



U.S. DIST. COURT EAST DIST. WISC.
FILED
SEP 1 4 2012
AT_____ O'CLOCK_____M
JON W. SANFILIPPO, CLERK

Plaintiffs,

v.

Case No.  08-C-167

DAVID MARTINEZ.

Defendants.

---

## SPECIAL VERDICT

---

QUESTION NO. 1:  Did Officer Martinez use excessive force against Mr. Boone by shooting him on January 12, 2007?

Answer:    *No*

(Yes or No)

QUESTION NO. 2:  Only if you answered "yes" to Question No. 1, then answer this question.  What sum of money will fairly and reasonably compensate the Estate of David Boone as damages for David Boone's conscious pain and suffering?

Answer:    $_____

QUESTION NO. 3: Only if you answered "yes" to Question No. 1, then answer this question. What sum of money will fairly and reasonably compensate Amiya A. Donelson for pecuniary loss for the death of her father?

Answer: $_____

QUESTION NO. 4: Only if you answered "yes" to Question No. 1, then answer this question. What sum of money will fairly and reasonably compensate Amiya A. Donelson for the loss of the society and companionship of her father?

Answer: $_____

QUESTION NO. 5: Only if you answered "yes" to Question No. 1, then answer this question. Did Officer Martinez act in reckless disregard of Mr. Boone's rights?

Answer: _____
(Yes or No)

QUESTION NO 6: Only if you answered "yes" to Question No. 5, then answer this question. What sum, if any, do you assess against Officer Martinez as punitive damages?

Answer: $_____

Dated at Milwaukee, Wisconsin this _14_ day of September, 2012.

_____
Foreperson

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENRIQUE AVINA,

        Plaintiff,

                                              Case No.:  13-CV-1433

    v.

TODD BOHLEN,

        Defendant.

---

DEFENDANT'S PROPOSED SPECIAL VERDICT FORM **PL OBJ**

---

        We, the jury, empaneled and sworn to try the issues in this action, being directed by the Court to answer the following questions submitted to us for verdict, find and answer as follows:

CLAIM: EXCESSIVE USE OF FORCE

**QUESTION No. 1:**

Did Defendant Todd Bohlen use unreasonable force against Plaintiff Enrique Avina considering the totality of the facts and circumstances at the time of Plaintiff Avina's arrest?

        Answer:   _____            _____
                     Yes                        No

*If you answered "yes" to Question No. 1, then answer Question No. 2.*
*If you answered "no" to Question No. 1, then do not answer any other questions.*

**QUESTION No. 2:**

Did Defendant Bohlen's use of unreasonable force related to Question No. 1 above cause injury to Plaintiff Avina?

Answer:   _____         _____
          Yes                No

*If you answered "yes" to Question No. 2, then answer Question No. 3A, and skip Question 3B.*
*If you answered "no" to Question No. 2, then skip Question No. 3A, your answer to Question 3B is pre-determined, and you do not answer any other questions.*

**QUESTION No. 3A:**

What amount of money do you award to fairly compensate Plaintiff Avina for any injury he actually sustained as a result of Defendant Bohlen's use of unreasonable force?

Answer: $_____

*After answering Question No. 3A, proceed to Question No. 4.*

**QUESTION No. 3B:**

Because we answered "No" to Question No. 2, Plaintiff Avina is awarded nominal damages in the amount of $1.00.

**QUESTION No. 4:**

Did Defendant Bohlen act maliciously or in reckless disregard of Plaintiff Avina's rights?

Answer:   _____         _____
          Yes                No

*If you answered "yes" to Question No. 4, then answer Question No. 5.*
*If you answered "no" then do not answer any further questions.*

**QUESTION No. 5:**

Do you award punitive damages against Defendant Bohlen for using unreasonable force against Plaintiff Avina?

Answer:   _____         _____
          Yes                No

*If you answered "yes" to Question No. 5, then answer Question No. 6.*
*If you answered "no" then do not answer any further questions.*

**QUESTION No. 6:**

What amount of punitive damages will punish defendant and deter them and others from engaging in similar conduct in the future?

         Answer:     $_____

Dated: _____

_____
Foreperson

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ENRIQUE AVINA,

        Plaintiff,

                                    Case No.:  13-CV-1433

  v.

TODD BOHLEN,

        Defendant.

## DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS
## PROPOSED SPECIAL VERDICT FORM

Defendant submits this memorandum in support of his proposed special verdict form pursuant to this Court's order.

Defendant submits that his proposed special verdict form is clearer and breaks the various issues down in a more detailed fashion which should ultimately provide a more well thought out and reliable verdict from the jury.

This form is adapted from adapted from a standard form used by the Third Circuit Court of Appeals. (attached; available at http://www.ca3.uscourts.gov/sites/ca3/files/Appendix_1_2015.pdf.)

Defendant's form addresses the shortcomings of Plaintiff's form:

Defendant's Q 1 vs. Plaintiff's Q 1: Defendant's Q 1 makes clear that the jury must weigh the full factual circumstances of the encounter. *Graham v. Connor*, 490 U.S. 386, 396–97 (1989); *see also*, Seventh Circuit Pattern Civil Jury Instruction 7.10 ("In deciding whether Defendant used unreasonable force, you should consider all of the circumstances.").

Case 2:13-cv-01433-JPS   Filed 02/08/19   Page 78 of 83   Document 177

Defendant's Q 2: Plaintiff has no equivalent to Defendant's Q 2. This question makes clear to the jury that they must find that the unreasonable use of force, if found, was the cause of the Plaintiff's injury. An injury sustained in the midst of unreasonable use of force is not enough; there must be a causal connection. The question does not constitute an element of the claim per se, but rather confirms that the jury finds as a matter of fact that the illegal conduct is a proximate cause of the injury. *See McAllister v. Price*, 615 F.3d 877, 882 (7th Cir. 2010). This is at issue because it is Defendant's contention that the injury was sustained as an accident and that it was Plaintiff's own act of jumping off the curb thus creating stress on his arm that caused the injury. Even if the jury finds that there was unreasonable use of force, such as handcuffing Plaintiff, the jury may still find that the unreasonable use of force did not cause the injury.

Defendant's Q 3 vs. Plaintiff's Q 2: Plaintiff's question is too broadly stated; Defendant's question makes clear that nominal damages is an option of the jury, and that the damages at that juncture are limited to those directly related to the injury. *See* Seventh Circuit Pattern Civil Jury Instruction 7.10 ("You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.")

Defendant's Q 4-6 vs. Plaintiff's Q 3: Again, Plaintiff's question is too broadly stated, it almost presumes that punitive damages must be awarded. Defendant's questions make clear that punitive damages may only be awarded if the jury finds that Defendant acted maliciously or with reckless disregard of Plaintiff's rights, and then the jury must still decide if punitive damages are appropriate, and then only if it does, asks what amount. *See* Seventh Circuit Pattern Civil Jury Instruction 7.28 ("You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights." "If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.")

GRANT F. LANGLEY
City Attorney

/s/ Grant F. Langley
Assistant City Attorney
State Bar No. 01045759
Attorneys for Defendant
Milwaukee City Attorney's Office
800 City Hall
200 East Wells Street
Milwaukee, WI  53202
Telephone: (414) 286-2601
Fax: (414) 286-8550
Email: rpederson@milwaukee.gov

Respectfully submitted,

_____

Verona E. Swanigan, Esq.
The Swanigan Firm
425 West Capitol Avenue
Suite 1533
Little Rock, AR 72201
Telephone: (866) 603-5239
Fax: (866) 603-5239
SBN: 1086459

_____

Marwan E. Porter, Esq.
The Cochran Firm Treasure Coast
5033 SE Federal Highway
Stuart, FL 34997
(772) 266-4159

_____

Jon Zepnick Esq.
Jon A. Zepnick, P.A.
1138 Lincoln Street
Hollywood FL 33019
(954) 589-1710
(954) 589-1004-Fax

Respectfully submitted,

_____

Verona E. Swanigan, Esq.
The Swanigan Firm
425 West Capitol Avenue
Suite 1533
Little Rock, AR 72201
Telephone: (866) 603-5239
Fax: (866) 603-5239
SBN: 1086459

Marwan E. Porter, Esq.
The Cochran Firm Treasure Coast
5033 SE Federal Highway
Stuart, FL 34997
(772) 266-4159

_____

Jon Zepnick Esq.
Jon A. Zepnick, P.A.
1138 Lincoln Street
Hollywood FL 33019
(954) 589-1710
(954) 589-1004-Fax

Respectfully submitted,

_____
Verona E. Swanigan, Esq.
The Swanigan Firm
425 West Capitol Avenue
Suite 1533
Little Rock, AR  72201
Telephone: (866) 603-5239
Fax: (866) 603-5239
SBN: 1086459

_____
Marwan E. Porter, Esq.
The Cochran Firm Treasure Coast
5033 SE Federal Highway
Stuart, FL  34997
(772) 266-4159

_____
Jon Zepnick Esq.
Jon A. Zepnick, P.A.
1138 Lincoln Street
Hollywood FL 33019
(954) 589-1710
(954) 589-1004-Fax